IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                        No. CR 04-1212 JB

SEFERINO JOJOLA,

      Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Defendant's Objection to Presentence Report, filed December 10, 2004 (Doc. 28). The Court heard argument on this motion at the Defendant Seferino Jojola's sentencing on December 20, 2004. The issue is whether the Court, in calculating the base offense level for Jojola's offense, should find that Jojola was criminally negligent or reckless. Because the United States Sentencing Guidelines (the "Guidelines") state that a homicide resulting from driving while under the influence of alcohol ordinarily should be treated as reckless, and because Jojola has waived any Blakely rights that he may have,[1] the Court finds by a preponderance of the evidence that Jojola was reckless and his objection is overruled.

### PROCEDURAL BACKGROUND

Count I of the Indictment charges, in relevant part, that "the defendant operated the motor

---

[1] The Court's sentencing of Defendant Seferino Jojola took place before the Supreme Court of the United States' decision in United States v. Booker and United States v. Fanfan, 543 U.S. ___, 125 S. Ct. 738, 2005 U.S. LEXIS 628 (2005), but the Court did not complete this opinion until after the Supreme Court issued its decisions. Nothing in the Supreme Court's decisions changes what the Court must do in deciding Jojola's objection. Before the Court can "consider" the Guidelines in a sentencing decision, the Court must still strive to accurately calculate the Guidelines sentence. The Court's task in deciding this Objection is to accurately calculate the Guideline sentence.

vehicle without due caution and circumspection, in a grossly negligent manner . . . ." Sealed Indictment, filed June 23, 2004 (Doc. 1). Jojola pled guilty to Count I. The Plea Agreement with the United States provides: "Defendant agrees that the Court can determine any factual findings that may affect the defendant's sentence under a preponderance of evidence standard and may base its finding on a consideration of all reliable evidence, including hearsay." Plea Agreement, ¶ 3, at 2, filed August 31, 2004 (Doc. 16). At the hearing, counsel for Jojola represented to the Court that Jojola had waived his Blakely rights. See Transcript of Hearing at 3:11-14 (December 20, 2004)(hereinafter "Transcript").[2]

Based on its conclusion that the offense conduct was "reckless," the United States Probation Office ("Probation") calculated Jojola's Offense Level to be 18 under the Guidelines § 2AL.4(a)(2). See Pre-Sentence Investigation Report ("PSR") ¶ 24, at 6 (disclosed October 25, 2004).

> **Base Offense Level:** Pursuant to 2A1.4(a)(2), if the defendant's reckless conduct involuntarily caused the death of the victim then the base offense level is 18. In the instant offense, the defendant was heavily intoxicated and drove his vehicle at a high rate of speed, eventually losing control, crashing, and causing the death of the victim. Therefore, the base offense level is 18.

PSR ¶ 24, at 6. Jojola, pursuant to rule 32 of the Federal Rules of Criminal Procedure, objects to the PSR's assessment of his base offense level.

## APPLICATION NOTE TO 2A1.4

For involuntary manslaughter, the base offense level is 12 if the conduct was criminally negligent or 18 if the conduct was reckless. See U.S.S.G. § 2A1.4. Application Note to 2A1.4 states:

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

> "Reckless" means a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation. "Reckless" includes all, or nearly all, convictions for involuntary manslaughter under 18 U.S.C. § 1112. A homicide resulting from driving a means of transportation, or similarly dangerous actions, while under the influence of alcohol or drugs ordinarily should be treated as reckless.

U.S.S.G. § 2A1.4 n.1.

## ANALYSIS

Jojola's objection to the use of the "reckless" classification in calculating the base offense level rests on the Indictment itself. Jojola asserts that, when the charging document states the standard of negligence, it takes precedence over the Application Note. He argues that, although the Application Note indicates that a homicide resulting from driving while under the influence of alcohol ordinarily should be treated as reckless, because of the Indictment's language, this is not an ordinary case. See Transcript at 5:1-5, (December 20, 2004).

An indictment rarely contains all the information a court considers in sentencing. The Indictment's language in this case should not limit the Court in determining Jojola's sentence. The United States argues that, because Jojola waived his Blakely rights, the Court may consider the facts contained in the Presentence Report ("PSR"). The PSR indicates that, on the day of the accident, Jojola began drinking at approximately 10:30 in the morning and continued drinking sporadically until the accident, see PSR ¶ 11, at 3-4, his blood alcohol content was 0.14, see PSR ¶ 9, at 3, and the crime scene investigators calculated that Jojola was traveling in excess of 85 miles per hour, see PSR ¶ 10, at 3. The United States argues that Jojola knew the risk associated with his conduct and disregarded that risk. See Transcript, at 7:8-10.

The Guidelines expressly indicate that ordinarily a homicide resulting from driving while

under the influence of alcohol should be treated as reckless. After Blakely v. Washington, but before Booker, making such a finding would arguably violate the Sixth Amendment right identified in Blakely. Here, however, Jojola has waived any rights he may have under Blakely. After Booker, it is clear that this is an issue for Court, under the Guidelines, to decide by a preponderance of the evidence. The Guidelines set forth a presumption that Jojola's conduct should be treated as reckless. The Court sees no reason to do something besides what is ordinarily done in cases like this. The facts here do not justify something other than an ordinary application of § 2A1.4.

Because the Guidelines state that a homicide resulting from driving while under the influence of alcohol ordinarily should be treated as reckless, and because Jojola has waived any Blakely rights that he may have, the Court finds by a preponderance of the evidence that Jojola was reckless. The Court will overrule Jojola's objection. The Court concludes that the correct base offense level for Jojola is 18 rather than 12.

**IT IS ORDERED** that the Defendant's Objection to the Presentence Report is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Samuel L. Winder
　Assistant United States Attorney
Albuquerque, New Mexico

-- and --

Kimberly Hare
　Special Assistant United States Attorney
Phoenix, Arizona

　　*Attorneys for the Plaintiff*

D. Eric Hannum
Albuquerque, New Mexico

    *Attorney for the Defendant*